UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANGEL L. HERNANDEZ,

                                    Plaintiff,                    Case # 14-CV-6153-FPG

v.                                                                  DECISION AND ORDER

INVESTIGATOR ANDREW MACKENZIE, et al.,

                                    Defendants.
_____

## INTRODUCTION

On April 1, 2014, Plaintiff Angel L. Hernandez, then proceeding *pro se*, filed this civil rights action against several individuals, including John Doe police officers, in connection with his March 27, 2013 arrest.[1] ECF No. 1. The John Doe parties—ultimately identified as Defendants MacKenzie, Flannigan, and Danno—were not added to this case until December 13, 2017, after the statute of limitations expired. ECF No. 8.

In their Answer, filed on February 27, 2018, Defendants raised a statute of limitations affirmative defense. ECF No. 10. Defendants did not file dispositive motions and the Court scheduled this matter for trial. ECF Nos. 21, 23. On April 29, 2019, after reviewing this case in preparation for trial, the Court ordered Plaintiff to show cause why his claims should not be dismissed as untimely. ECF No. 25.

Two days later, attorney John R. Parrinello appeared on Hernandez's behalf and, on June 3, 2019, responded to the Court's Order to Show Cause. ECF Nos. 26, 30. Defendants also submitted a response that outlines their position on the statute of limitations issue. ECF No. 33. For the reasons that follow, this case is DISMISSED WITH PREJUDICE.

---

[1] Plaintiff also filed an *in forma pauperis* motion that the Court granted on June 16, 2014. ECF Nos. 2, 3.

**DISCUSSION**

**I.     Background**

Plaintiff alleges that, on March 27, 2013, he was "arrested for weapons and assault crimes unlawful[ly]" and without "sufficient proof that [he] committed the crimes." ECF No. 4 at 6. Plaintiff was detained in the Monroe County Jail for the next "seven months . . . until a Monroe County Grand Jury dismissed all crimes with prejudice." *Id*. Plaintiff, who was then out of custody, commenced this case on April 1, 2014 and filed an Amended Complaint on July 16, 2014. ECF No. 4. The Court screened the Amended Complaint, dismissed the mayor, chief of police, and the police department from the case, and directed service of Plaintiff's false arrest claim on the only remaining Defendants, two "John Doe" police officers. ECF No. 5. The Court also directed the City of Rochester Corporation Counsel to identify the John Doe parties pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997). ECF No. 5 at 4-5. Corporation Counsel ultimately identified three police officers—MacKenzie, Flannigan, and Danno—who were added as Defendants on December 13, 2017. ECF No. 8.

**II.    Legal Analysis**

State law governs the statute of limitations for § 1983 actions; in New York, the applicable statute of limitations is three years. *See* N.Y. C.P.L.R. § 214(2); *Owens v. Okure*, 488 U.S. 235, 251 (1989); *Jewell v. Cnty. of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990). Federal law determines when the claim accrues, which occurs "when the plaintiff knows or has reason to know of the harm." *Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir. 2001) (quoting *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994)).

A false arrest claim accrues when the plaintiff is held pursuant to legal process—that is, when he is "bound over by a magistrate or arraigned on charges." *See Wallace v. Kato*, 549 U.S. 384, 388-90 (2007). The Court assumes that Plaintiff was arraigned on the date of his arrest (or near that date). Thus, the statute of limitations for Plaintiff's false arrest claim began to run when Defendants arrested him on March 27, 2013 and expired three years later on March 27, 2016. Plaintiff timely commenced this case on April 1, 2014, but MacKenzie, Flannigan, and Danno were not named as Defendants until December 13, 2017. Consequently, Plaintiff's claims are untimely.

A plaintiff generally cannot use John Doe pleadings "to circumvent statutes of limitations because, replacing a John Doe with a named party in effect constitutes a change in the party sued." *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1075 (2d Cir. 1993) (internal citations omitted). Thus, John Doe substitutions may only be accomplished when the specifications of Federal Rule of Civil Procedure 15(c) are met, which governs the relation back of amendments. *See Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (quoting *Aslandis*, 7 F.3d at 1075); *see also* Fed. R. Civ. P. 15(c). Amended pleadings that satisfy Rule 15(c)'s requirements are considered to "relate back" to the date of the original complaint. *Hogan*, 738 F.3d at 517.

Accordingly, the question is whether adding MacKenzie, Flannigan, and Danno in place of the John Doe officers relates back to when this case was filed.

### A. Rule 15(c)(1)(C)

Rule 15(c)(1)(C) outlines certain circumstances when asserting claims against a new party relates back to the original complaint, including mistake about the proper party's identity. *See* Fed. R. Civ. P. 15(c)(1)(C); *Hogan*, 738 F.3d at 517 (citation omitted). But "where the plaintiff

knows who the proper party is, just not by name, there is no mistake about identity that will permit relation-back under Rule 15(c)." *Moran v. Cnty. of Suffolk*, No. 11 Civ. 3704(PKC)(GRB), 2015 WL 1321685, at *6 (E.D.N.Y. Mar. 24, 2015); *see also Ceara v. Deacon*, 916 F.3d 208, 211-12 (2d Cir. 2019).

Here, Plaintiff was not mistaken about Defendants' identities—he intended to sue the police officers who arrested him on March 27, 2013. Rather, he simply did not know their names when he filed this action. Thus, Plaintiff's failure to name MacKenzie, Flannigan, and Danno as defendants in the original and Amended Complaints was not a mistake under Rule 15(c)(1)(C)(ii), *see Moran*, 2015 WL 1321685, at *6 (collecting cases), and Plaintiff does not argue otherwise. Therefore, adding them to this case on December 13, 2017 does not relate back to when Plaintiff filed this case and Rule 15(c)(1)(C) does not apply.

### B. Rule 15(c)(1)(A)

Rule 15(c)(1)(A) permits relation back when "the law that provides the applicable statute of limitations allows relation back." A court must examine the "controlling body of limitations law" and apply state law if it provides "a more forgiving principle of relation back than the one provided" by Rule 15(c). *Hogan*, 738 F.3d at 518 (internal quotation marks omitted). The Second Circuit has held that New York law affords a "more forgiving principle of relation back in the John Doe context," *id.*, providing that

> [a] party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

N.Y. C.P.L.R. § 1024. "New York courts have interpreted [§ 1024] to permit John Doe substitutions *nunc pro tunc*." *Hogan*, 738 F.3d at 518-19 (collecting cases).

Under § 1024, a plaintiff must show that he (1) exercised due diligence before the statute of limitations expired to identify the defendant by name; and (2) described the John Doe party in a way that fairly apprised the party that he was the intended defendant. *Id.* at 519 (collecting cases).

The due diligence requirement of § 1024 "is not forgiving," and it is the plaintiff's burden to identify the defendant's name, or at least make a good faith effort to do so. *Barrett v. City of Newburgh*, 720 F. App'x 29, 33 (2d Cir. 2017) (summary order) (citation omitted). "A plaintiff exercising due diligence will take concrete and timely steps to ascertain an officer defendant's identity." *Id.* (citations omitted); *see also Mabry v. N.Y.C. Dep't of Corr.*, No. 05 Civ. 8133(JSR)(JCF), 2008 WL 619003, at *6 (S.D.N.Y. Mar. 7, 2008) (allowing relation back where the plaintiff "aggressively sought the identities of the defendants"). To invoke § 1024, "the plaintiff must show that he made genuine efforts to ascertain the defendants' identities prior to the running of the Statute of Limitations." *Luckern v. Lyonsdale Energy Ltd. P'ship*, 229 A.D.2d 249, 253 (4th Dep't 1997) (quotation marks, alterations, and citations omitted).

Plaintiff has not made this showing; instead, he blames Defendants' attorney for filing a *Valentin* response that he characterizes as "late, incorrect, and misleading." ECF No. 30 at 8, 10-11. He argues that Defendants' attorney also gave him "67 documents containing facts regarding this case" at a status conference on April 4, 2018 (over two years after the statute of limitations expired) that he was "incapable of interpreting." *Id.* at 8, 11. Plaintiff contends that Defendants'

5

attorney also sent him identical letters on April 4 and November 16, 2018 that "caused extraordinary confusion as to who the arresting officers were." *Id.* at 9, 11.

Pointing a finger at Defendants' attorney, however, does not change the fact that it was *Plaintiff's* burden to name the correct parties or at least make a good faith effort to do so. Plaintiff does not set forth, and the Court is not aware of, any circumstances showing that he "exercised due diligence, prior to the running of the statute of limitations, to identify the defendants by name." *Hogan*, 738 F.3d at 519 (citing *Bumpus v. New York City Transit Auth.*, 66 A.D.3d 26, 29 (2d Dep't 2009)). Accordingly, Plaintiff is not entitled to relation back under § 1024.

### C. Equitable Tolling

Federal courts borrow New York's rules for tolling the statute of limitations unless the rules are inconsistent with federal law. *Bd. of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 487-91 (1980). A court equitably tolls the statute of limitations only "in rare and exceptional circumstances" where it finds that "extraordinary circumstances prevented a party from timely performing a required act" and "that the party acted with reasonable diligence throughout the period he sought to toll." *Walker v. Jastremksi*, 430 F.3d 560, 564 (2d Cir. 2005) (alterations, quotation marks, and citation omitted). To determine whether equitable tolling applies, a court must consider whether the person seeking application of the doctrine has (1) "acted with reasonable diligence during the time period [he] seeks to have tolled," and (2) "proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass v. N.Y. Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) (citations and quotation marks omitted).

Plaintiff asserts that the Court should invoke the doctrine of equitable tolling "due to the

6

'extraordinary circumstances' particularly the misleading names of the arresting police officers [and] volumes of discovery documents that were not presented to [Plaintiff] until April 4, 2018." ECF No. 30 at 11. As discussed above, there is no evidence that Plaintiff acted with reasonable diligence during the time period he seeks to toll or that some extraordinary circumstance exists. The instances that Plaintiff complains of—the alleged shortcomings by Defendants' attorney—all occurred after the statute of limitations already expired and do not show that he was prevented in some extraordinary way from exercising his rights. Thus, the Court concludes that Plaintiff is not entitled to equitable tolling.

Accordingly, for all the reasons stated, this case must be dismissed.

## CONCLUSION

This case is DISMISSED WITH PREJUDICE because it is time-barred by the statute of limitations. The Clerk of Court will enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies leave to appeal to the Court of Appeals as a poor person. *See Coppedge v. United States*, 369 U.S. 438 (1962). Plaintiff should direct requests to proceed on appeal as a poor person to the United States Court of Appeals for the Second Circuit on motion in accordance with Federal Rule of Appellate Procedure 24.

IT IS SO ORDERED.

Dated: June 27, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court